FILED 10/9/2018
Judge Virginia M. Kendall
Magistrate Judge Susan Cox
Lead Case Number: 18-cv-6785 Tag Along Cases:
1:18-cv-5197; 1:18-cv-6789
MDD            MMA

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

**IN RE: LOCAL TV ADVERTISING
ANTITRUST LITIGATION**                                      MDL No. 2867

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiff in one action in the Northern District of Illinois moves under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of two actions pending in two districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of fifteen related actions.[1]

All responding parties support centralization, but request different transferee districts. All defendants[2] support centralization in the Northern District of Illinois or, alternatively, the District of Maryland or the Southern District of New York. Plaintiffs in the District of Maryland actions, plaintiffs in the Northern District of Illinois actions, and plaintiffs in the Southern District of New York actions request their own districts respectively.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share complex factual questions arising from allegations that defendants have engaged in a conspiracy to artificially inflate the prices for local television advertisement time throughout the United States since some time in 2014 or 2016. The actions commonly allege that the conspiracy was effectuated by sharing competitively sensitive information through defendants' advertising sales teams in order to raise advertising prices to supracompetitive levels, and that the alleged scheme was facilitated by certain industry associations. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Charles A. Breyer and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Sinclair Broadcast Group, Inc.; Tribune Media Company; Tribune Broadcasting Company, LLC; Gray Television, Inc.; Tegna, Inc.; Hearst Television Inc. (sued as Hearst Communications); and Nexstar Media Group, Inc.

-2-

We conclude that the Northern District of Illinois is an appropriate transferee district for this litigation. Tribune Media, which is sued in all actions, has its headquarters in this district, and thus common evidence is likely located there. All defendants and plaintiffs in six actions agree that this district provides a geographically central and convenient location for the parties and witnesses. One action on the motion and eight potential tag-along actions are pending there. Judge Virginia M. Kendall is an experienced jurist with the ability and willingness to manage this litigation efficiently. We are confident she will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the action listed on Schedule A and pending outside the Northern District of Illinois is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Virginia M. Kendall for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

Marjorie O. Rendell          Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

IN RE:  LOCAL TV ADVERTISING
ANTITRUST LITIGATION                                           MDL No. 2867

## SCHEDULE A

<u>Northern District of Illinois</u>

CLAY, MASSEY & ASSOCIATES, P.C. v. GRAY TELEVISION, INC., ET AL., C.A. No. 1:18-05197

<u>District of Maryland</u>

LAW OFFICES OF PETER MILLER, P.A. v. SINCLAIR BROADCAST GROUP, INC., ET AL., C.A. No. 1:18-02316   1:18-CV-6789

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ MELISSA ASTELL
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
October 9, 2018